```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

ADDA MOTTO and MARIE CAREY and
DAVID CAREY and KRISTI CAREY and
SHARON RUNYON,

    Plaintiffs

v.                                  CIVIL ACTION NO. 2:05-0570

CSX TRANSPORTATION, INC. and
WEST VIRGINIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION,
OFFICE OF ABANDONED MINE LANDS
AND RECLAMATION,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is plaintiff's motion to remand filed August 15, 2005.[1]

I.

Plaintiffs are West Virginia citizens. (Compl. ¶ 1.) Defendant CSX Transportation, Inc. ("CSX") is both a Virginia and Florida citizen. (Not. of Remov. ¶ 10.) Defendant West Virginia

---

[1] In their Rule 26(f) report, the parties requested an opportunity at the scheduling conference to "bring before the Court for hearing Plaintiffs' previously filed Motion to Remand." (R. 26(f) Rep. at 3.) The court concludes a hearing is unnecessary. The facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Department of Environmental Protection, Office of Abandoned Mine Lands And Reclamation (DEP) is the alter ego of the State of West Virginia and thus not a citizen for diversity purposes.  <u>West Virginia ex rel. McGraw v. Minnesota Mining and Mfg. Co.</u>, 354 F. Supp.2d 660, 663 (S.D. W. Va. 2005).

On June 16, 2003, plaintiffs experienced flooding that caused substantial loss and/or damage to their real and personal property.  (Compl. ¶ 8.)  On June 15, 2005, plaintiffs instituted this action in the Circuit Court of Logan County.  Regarding CSX, plaintiffs allege that they

> 6.  own . . . certain . . . property in the Godby Branch area of Chapmanville . . .which w[as] damaged by flooding caused or contributed to by the reckless, unlawful, improper and/or negligent damming of a certain creek that runs along . . . Godby Branch Road by means of a culvert which was inadequately maintained . . . and improperly sized for its intended purposes . . . .
>
> 7.  CSX . . . initially installed the culvert . . . and owed the plaintiffs a duty of maintaining the same, and ensuring that the culvert was in working order, free from damage, and/or blockage. . . . CSX failed in their duties owed to the plaintiffs in that they [sic] were negligent . . . in the installation of the same, and in the maintenance and/or inspection of the said culvert. . . .

(<u>Id.</u> ¶¶ 6-7.)  As to DEP, plaintiffs contend pertinently as follows:

> 4.  [DEP] is responsible for the maintenance and reclamation of abandoned mine lands within the

> State of West Virginia, and owes duties to the plaintiffs as set forth in West Virginia Code §22-2-1 et seq.
>
> 5. The DEP was negligent . . . and acted with wanton disregard in its obligation and responsibilities with a certain abandoned mine located along Godby Branch Road, said mines having been permitted to remain in such a state as to allow water to accumulate in an unsafe and hazardous manner. Said mines collapsed and deposited an excessive amount of water along . . . [the] Road. This excessive water contributed to the damages suffered by the plaintiffs . . . .

(Id. ¶¶ 4-5.) Plaintiffs seek compensatory and punitive damages in excess of the jurisdictional minimum.

On July 15, 2005, CSX removed, asserting the DEP was fraudulently joined. On August 15, 2005, plaintiff moved to remand.

II.

The fraudulent joinder standard is well settled. Our court of appeals lays a "heavy burden" upon a defendant removing a case on such grounds:

> "In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts."

3

Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (emphasis added) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).  The applicable standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss[.]"  Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999).

     As the decision in Hartley illustrates, fraudulent joinder claims are subject to a rather black-and-white analysis in this circuit.  Any shades of gray are resolved in favor of remand.  At bottom, a plaintiff need only demonstrate a "glimmer of hope" in order to have his claims remanded:

> CSX contests these points and we are unable to resolve them with the snap of a finger at this stage of the litigation. Indeed, these are questions of fact that are ordinarily left to the state court jury.
>
> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve . . . various uncertain questions of law and fact. Allowing joinder of the public defendants is proper . . . because courts should minimize threshold litigation over jurisdiction. Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties [as] joined . . . unless joinder is clearly improper.  To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.
>
>    . . . . .
>
> We cannot predict with certainty how a state court and state jury would resolve the legal issues and weigh

4

>the factual evidence in this case. <u>Hartley's claims may not succeed ultimately, but ultimate success is not required . . . . Rather, there need be only a slight possibility of a right to relief</u>. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.

<u>Id.</u> at 425-26.

In removing the case, CSX asserted fraudulent joinder on three grounds as follows: (1) DEP has no legal duty to undertake reclamation activities at certain mine sites, (2) plaintiffs failed to comply with the thirty (30) day notice-of-suit provision under West Virginia Code § 55-17-3, requiring DEP's dismissal, and (3) venue was improperly laid in Logan, rather than Kanawha, County.  (Not. of Remov. ¶¶ 18, 20-21.) Plaintiffs countered each assertion in their motion to remand. CSX has only responded on the legal duty issue.  The court, accordingly, confines its discussion to that question.

In <u>Aikens v. Debow</u>, 208 W. Va. 486, 541 S.E.2d 576 (2000), the West Virginia Supreme Court of Appeals clarified its jurisprudence on (1) the respective functions of the court and the jury in creating legal duties, and (2) the attendant considerations aiding the inquiry:

>To correct any misconception . . . we restate the law of this State, as follows: The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed

> a duty of care by a defendant must be rendered by the court as a matter of law.
>
> [L]egal commentators agree that "[t]he determination of any question of duty . . . has been held to be an issue of law for the court rather than for the jury, to be determined <u>by reference to the body of statutes, rules, principles, and precedents which make up the law</u>." 57A Am. Jur. 2d Negligence § 86, at 142 (2d. ed. 1989) (footnote omitted).
>
> We recognized in <u>Robertson v. LeMaster</u>, 171 W. Va. 607, 301 S.E.2d 563 (1983), that while foreseeability of risk is a primary consideration in determining the scope of a duty an actor owes to another, <u>"[b]eyond the question of foreseeability, the existence of duty also involves policy considerations underlying the core issue of the scope of the legal system's protection[.]"</u> <u>Id.</u> at 612, 301 S.E.2d at 568. "<u>Such considerations include the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant.</u>" <u>Id.</u>

<u>Id.</u> at 491, 541 S.E.2d at 581 (emphasis added).

The West Virginia court has never addressed the scope of DEP's duty, if any, under the factual circumstances presented in this case. <u>Hartley</u>, however, is instructive on this point as it intersects with the fraudulent joinder inquiry:

> No South Carolina case has squarely held that the public duty rule forecloses Hartley's claims. Further, it is unclear whether a state court would apply the rule to her claims because the six-part test requires a judgment call at every turn. The presence or absence of each element often depends on several variables and may require factual investigation. . . . These judgment calls may go either way. Thus, we cannot say with certainty that a South Carolina state court would find Hartley's claims barred by the rule.
>
> Because all legal uncertainties are to be resolved in

6

> the plaintiff's favor in determining whether fraudulent joinder exists, a truly "novel" issue such as this cannot be the basis for finding fraudulent joinder. The very fact that courts may differ in their resolutions of this issue shows there is a possibility of recovery.

Hartley, 187 F.3d at 424-25 (citations omitted).

Like the circumstances in Hartley, the court would be called upon to apply a multi-factor test, "requiring a judgment call at every turn[,]" in determining whether to impose a duty upon DEP under these circumstances. Overlaid with the competing considerations of the cost of discharging such a duty and the pressing dangers of abandoned mine lands, the question is not easily answered. Further, plaintiffs wish to take discovery that will no doubt inform the inquiry. Inasmuch as the court, with respect to the remand issue, is required to resolve the open factual and legal questions in plaintiffs' favor, fraudulent joinder is absent.

The court, accordingly, ORDERS that plaintiffs' motion to remand be, and it hereby is, granted. The court further ORDERS this action be, and it hereby is, remanded to the Circuit Court of Logan County for all further proceedings.

7

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and a certified copy to the clerk of court for the Circuit Court of Logan County.

DATED: September 20, 2005

John T. Copenhaver, Jr.
United States District Judge